UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAKEFERN FOOD CORP.; | Hon. William J. Martini, U.S.D.J. |
| Plaintiff, | Civ. No. 2:20-cv-15949 (WJM)(MF) |
| v. | Return Date: |
| CHRISTOPHER MARCHESE a/k/a CHRISTOPHER MARCHESA a/k/a CHRISTOPHER MARCHESI, and FAMILY MARKETS LIMITED LIABILITY COMPANY. | Oral Argument Requested |
| | Document Electronically Filed |
| Defendants. | |

---

**DEFENDANTS', CHRISTOPHER MARCHESE AND FAMILY MARKETS, LLC, MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES AND COSTS, PURSUANT TO SECTION 35(a) OF THE LANHAM ACT**

---

**EPSTEIN OSTROVE, LLC**
Elliot D. Ostrove, Esq.
Vahbiz P. Karanjia, Esq.
200 Metroplex Drive, Suite 304
Edison, NJ 08817
(732) 828-8600 (phone)
*Attorneys for Defendants Christopher Marchese and Family Markets, LLC*

## **TABLE OF CONTENTS**

I.     PRELIMINARY STATEMENT / BACKGROUND ...................................1

II.    LEGAL ARGUMENT ...................................................................5

   A.   Legal Standard.........................................................................5

   B.   Defendants Are Entitled to Attorneys' Fees Under Section 35(a) of the Lanham Act...........................................................................6

      i.   The Unusual Discrepancy in the Merits of the Positions Taken by the Parties and the Unreasonable Manner in Which this Matter Has Been Litigated Support an Award of Fees and Costs....................................7

          a)   Plaintiff's Complaint was Specious.................................8

          b)   Notwithstanding Receipt of a Rule 11 Letter, Plaintiff Continued to Flex its Muscles ...............................................9

          c)   Plaintiff's Suggestion of "Unlawful Conduct" Has Tarnished Defendants' Reputation ...............................................11

   C.   Defendants are Entitled to an Award of Attorneys' Fees Under the New Jersey Common Law....................................................................12

III.   CONCLUSION ....................................................................13

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*,
  38 F.3d 1303 (3d Cir. 1994) ...............................................................................10

*Business Guides, Inc. v. Chromatic Comm. Enters., Inc.*,
  498 U.S. 533 (1991) ...........................................................................................10

*Fair Wind Sailing, Inc. v. Dempster*,
  764 F.3d 303 (3d Cir. 2014) ...............................................................................6

*Ford Motor Co. v. Summit Motor Prods., Inc.*,
  930 F.2d 277 (3d Cir. 1991), *cert. denied*, 502 U.S. 939 (1991) ........................10

*J & J Snack Foods, Corp.*,
  Civil Action No. 00-6230(JBS), 2003 U.S. Dist. LEXIS 8040 (D.N.J. May 9,
  2003) ........................................................................................................ 7, 8, 12

*Lieb v. Topstone Industries, Inc.*,
  788 F.2d 151 (3d Cir. 1986) ...............................................................................10

*Nicoll Davis & Spinella, LLP v. Christopher Marchese, et al.* .................................9

*Octane Fitness, LLC v. Icon Health & Fitness, Inc.*,
  572 U.S. 545 (2014) ........................................................................................6, 7

*Red Devil Tools v. Tip Top Brush Co.*,
  50 N.J. 563 (N.J. 1967).......................................................................................12

*Renna v. Cty. of Union*,
  Civil Action No. 11-3328 (KM), 2015 U.S. Dist. LEXIS 1370 (D.N.J. Jan. 6,
  2015) ..................................................................................................................6, 7

*Sabinsa Corp. v. Creative Compounds, LLC*,
  Civil Action No. 04-4239 (DMC), 2011 U.S. Dist. LEXIS 82001 (D.N.J. July
  25, 2011) .........................................................................................................5, 12

*Salton Inc. v. Cornwall Corp.*,
    477 F. Supp. 975 (D.N.J. 1979)................................................................. 5, 12, 13

*Securacomm Consulting, Inc. v. Securacom Inc.*,
    224 F.3d 273 (3d Cir. 2000) ....................................................................... 5, 7, 11

*Wakefern Food Corp., et al. v. Tyrome Abrams, et al.*,
    No. 2:20-cv-12083 (D.N.J. 2020).....................................................................8, 9

**Statutes**

15 U.S.C. §1114 ....................................................................................................3

15 U.S.C. §1117(a) ................................................................................ 1, 5, 7, 11

15 U.S.C. §1125(a)(1)(B) ....................................................................................4

**Rules**

Fed. R. Civ. P. 11 ..............................................................................................2, 9

Fed. R. Civ. P. 12(b)(6)........................................................................................10

Fed. R. Civ. P. 54(d) .............................................................................................5

Fed. R. Civ. P. 54(d)(2)..........................................................................................1

Fed. R. Civ. P. 54(d)(2)(A)-(B) ............................................................................5

## I.    <u>PRELIMINARY STATEMENT / BACKGROUND</u>

Defendants, Christopher Marchese ("Mr. Marchese") and Family Markets, LLC ("Family Markets") (collectively, the "Defendants"), respectfully submit this Memorandum of Law, pursuant to Fed. R. Civ. P. 54(d)(2), seeking an award of attorneys' fees and costs incurred in this action.  Defendants also rely upon the Certification of Services ("Cert."), filed herewith.  Because Defendants are the "prevailing party," and this matter is an "exceptional case" under 15 U.S.C. §1117(a) and New Jersey common law, an award of attorneys' fees and costs is warranted.

Despite having never sent a Cease and Desist letter to Defendants, and without any factual allegation supported by governing law, Plaintiff, Wakefern Food Corp. ("Plaintiff"), filed its Complaint asserting several causes of action for alleged violations of the Lanham Act and New Jersey common law unfair competition. (Dkt. 1).  From and after the filing of the Complaint, Plaintiff aggressively pursued this matter.

Plaintiff is the largest privately held company in the State of New Jersey, the 20th largest private company in the country, and the largest retailer-owned supermarket cooperative in the United States, with retail sales of more than $18.3

billion dollars for 2020.[1]   (Dkt. 1 at ¶7).   Plaintiff owns the SHOPRITE© mark. (Dkt. 1 at ¶14).

By comparison, Family Markets was formed in 2015 for the purpose of operating a retail supermarket business.  (Dkt. 1 at ¶9).  Mr. Marchese is the owner of Family Markets. (Dkt. 1 at ¶8).  Despite their best efforts, Defendants have "never carried out any business and do[] not currently own or operate any supermarket." (Dkt. 1 at ¶¶25, & 27).  To call this matter a battle between David and Goliath would be a serious understatement.

Plaintiff's entire Complaint rested solely on two specious paragraphs, neither of which, per this Court's recent decision, come close to supporting any cause of action against Defendants.  (Dkt. 24).  The balance of Plaintiff's Complaint can only be understood as a suit by a multi-billion-dollar supermarket meant to bully Defendants and an effort to foreclose any possibility that Mr. Marchese would ever be able to operate a supermarket.

Notwithstanding receipt of Defendants' Fed. R. Civ. P. 11 notice and demand letter, and despite knowing that its Complaint was fatally flawed, Plaintiff insisted on aggressively moving forward with this litigation.   (Certification of Services, "Cert." **Ex. <u>B</u>**).  Plaintiff's aggressiveness went so far as to hire a private investigator

---

[1] https://www.supermarketnews.com/retail-financial/wakefern-posts-nearly-10-sales-gain-fiscal-2020

who took photographs of packages addressed to Family Markets that were left on Mr. Marchese's porch – although it is unclear as to what purpose the spying served. (Cert., **Ex. <u>C</u>** at 4).

Even after Defendants filed their Motion to Dismiss, Plaintiff continued its aggressive pursuit of Defendants by writing a supplemental letter to the Court and seeking expedited discovery (prior to the return date on Defendants' motion to dismiss) in what only can be described as an attempt to somehow bolster Plaintiff's specious Complaint.  (Dkts. 14 & 16; 20-2 at 2; & 23).

Despite Plaintiff's efforts to suggest that Defendants' conversation with a single real estate broker violated the Lanham Act, on August 26, 2021, this Court entered an Order dismissing Plaintiff's Complaint in its entirety and denying Plaintiff's Motion for Expedited Discovery.  (Dkt. 25).

In dismissing Plaintiff's claim for violation of §1114 of the Lanham Act, the Court correctly held that, "single, private business conversations, without any corresponding dissemination or marketing to the broader purchasing public, [does not] constitute a 'use in commerce' for purposes of trademark infringement."  (Dkt. 24 at 5).  In reaching that conclusion, the Court astutely noted that Plaintiff made "no allegations that Defendant has ever offered, distributed, possessed, sold, or advertised any goods or services of any kind bearing or imitating Plaintiff's marks, or even had the capacity to do so."  (*Id.*).

In dismissing Plaintiff's claim for violation of §1125(a)(1)(B) of the Lanham Act, the Court held that, "isolated, private statements, particularly to non-consumers, do not constitute the sort of dissemination to the relevant purchasing public necessary to state a false advertising claim" under the Lanham Act.  (Dkt. 24 at 7). In reaching that conclusion, the Court noted that, "[t]here [was] no indication that Marchese's statements were ever intended to reach, or ever did reach, any segment of the purchasing public or were made as 'part of an organized campaign to penetrate the relevant market.'"  (Dkt. 24 at 6-7).  Indeed, the Court noted that "the Complaint alleges that Marchese sought out a specific, unidentified real estate broker to inquire about the listing of a specific vacant commercial property … not because the broker was a client or consumer of either Plaintiff's or Defendants' goods or services, but because Marchese wanted to take advantage of the broker's own services in securing a lease."  (Dkt. 24 at 7).

Because of Plaintiff's aggressive litigation tactics notwithstanding the abject lack of merit to its claims, the conclusion should be inescapable, this matter qualifies as an "exceptional case" under Section 35(a) of the Lanham Act and New Jersey common law.  Defendants respectfully request attorneys' fees and costs in the amount of $37,952.30, which comprise the total amount of fees and costs incurred in defending this vexatious litigation.  As such, Defendants' Motion for Attorneys' Fees and Costs should be granted.

## II.   LEGAL ARGUMENT

### A.   Legal Standard

Under Fed. R. Civ. P. 54(d), a claim for attorneys' fees and expenses must:

(i) be filed no later than 14 days after the entry of judgment;
(ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
(iii) state the amount sought or provide a fair estimate of it; and
(iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2)(A)-(B).

Here, because Defendants are the "prevailing party," an award of attorneys' fees is appropriate under Section 35(a) of the Lanham Act, which provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 U.S.C. §1117(a).  *See Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 280 (3d Cir. 2000) ("the language of §35(a) authorizing attorney's fees to the prevailing party [applies to] defendants as well as plaintiffs").  New Jersey common law unfair competition also permits recovery of fees by the "prevailing party."  *Sabinsa Corp. v. Creative Compounds, LLC*, Civil Action No. 04-4239 (DMC), 2011 U.S. Dist. LEXIS 82001, at *32 (D.N.J. July 25, 2011) ("Prevailing parties may be awarded reasonable attorneys' fees under New Jersey law even where they are denied under statute by the Lanham Act.") (citation omitted).

**B.**   **Defendants Are Entitled to Attorneys' Fees Under Section 35(a) of the Lanham Act**

*Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303 (3d Cir. 2014) is the guiding decision for an award of attorney' fees.  In *Fair Wind Sailing, Inc.*, the Third Circuit adopted the Supreme Court's definition of "exceptional" enunciated in *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 572 U.S. 545 (2014).  To prove an "exceptional case, the prevailing party must show that: (a) there is an unusual discrepancy in the merits of the positions taken by the parties or (b) the losing party has litigated the case in an "unreasonable manner."  *Fair Wind Sailing, Inc.*, 764 F.3d at 315; *accord Octane Fitness*, 572 U.S. at 554 ("an exceptional case is simply one that stands out from others with respect to the substantive strength of a party's litigating position [considering both the governing law and the facts of the case] or the unreasonable manner in which the case was litigated.").

To determine whether a case is "exceptional," the Court must engage in a case-by-case analysis, considering the totality of the circumstances.  *Fair Wind Sailing, Inc.*, 764 F.3d at 315.  Courts may consider a variety of factors, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case), and the need in particular circumstances to advance considerations of compensation and deterrence."  *Renna v. Cty. of Union*, Civil Action No. 11-3328 (KM), 2015 U.S. Dist. LEXIS 1370, at *29 (D.N.J. Jan. 6, 2015), *report and recommendation adopted*, 2015 U.S. Dist. LEXIS 52381 (D.N.J.

Apr. 21, 2015)  (*citing Octane Fitness*, 572 U.S. at 554 n.*6.);  *See Renna*, 2015 U.S. Dist. LEXIS 1370, at *8 (finding case "exceptional" upon finding that non-prevailing party knew that its defenses were factually and legally groundless); *Securacomm*, 224 F.3d at 281-82 (finding case "exceptional" because of plaintiff's "sweeping attempt to beat a financially weaker opponent through the use of vexatious litigation."); *J & J Snack Foods, Corp.*, Civil Action No. 00-6230(JBS), 2003 U.S. Dist. LEXIS 8040, at *5-6 (D.N.J. May 9, 2003) (finding case "exceptional" because non-prevailing party continued the case despite knowing it was meritless.).

For the reasons set forth below, Defendants' motion should be granted.

### i. The Unusual Discrepancy in the Merits of the Positions Taken by the Parties and the Unreasonable Manner in Which this Matter Has Been Litigated Support an Award of Fees and Costs

This is an "exceptional case" under § 1117(a).  The unreasonable and overly aggressive way Plaintiff has litigated this matter is nothing short of vexatious. Plaintiff's claims are not just frivolous, but demonstrate a willful attempt by a multi-billion-dollar corporation to destroy Defendants' reputation.  *See Securacomm*, 224 F.3d at 281-82 (finding case "exceptional" because of plaintiff's "sweeping attempt to beat a financially weaker opponent through the use of vexatious litigation.").

a)    ***Plaintiff's Complaint was Specious***

Without sending a Cease and Desist letter, Plaintiff, the largest retailer-owned supermarket cooperative in the United States with retail sales of $18.3 billion dollars for 2020, filed a Complaint devoid of any factual allegations sufficient to sustain its claims against Defendants.  (Dkt. 1).  As the Court observed in its August 26, 2021 Opinion, the Complaint had no "allegations that Family Markets ha[d] ever offered, distributed, possessed, sold, or advertised any goods or services of any kind bearing or imitating Plaintiff's marks, or even [that Defendants] had the capacity to do so," and "[t]here [was] no indication that Marchese's statements were ever intended to reach, or ever did reach, any segment of the purchasing public or were made as 'part of an organized campaign to penetrate the relevant market.'"  (Dkt. 24 at 5-7).  *See J & J Snack Foods, Corp.*, 2003 U.S. Dist. LEXIS 8040, at *5-6  (finding case "exceptional" because non-prevailing party continued the case despite knowing it was meritless).

One need only look at the first paragraph of Plaintiff's Complaint to see that this multi-billion-dollar corporation was just flexing its muscles – trying to bully Defendants.  In the first paragraph of Plaintiff's Complaint, Plaintiff cited *Wakefern Food Corp., et al. v. Tyrome Abrams, et al.*, No. 2:20-cv-12083 (D.N.J. 2020), a case involving "individuals infringing on Wakefern's SHOPRITE® trademark and masquerading as Wakefern members, all in an effort to deceive the public and secure

millions of dollars in financing for non-existent transactions" for the proposition that "Wakefern has now discovered a new, *similar* fraud," except this time it involved Defendants.[2]  (Dkt. 1 at ¶¶1-2; & 23) (emphasis added).  Plaintiff did not go on to assert that Defendants were affiliated, associated, connected to and/or involved in the *Tyrome Abrams* scheme.  Indeed, Plaintiff's never connected Defendants to any conduct similar to the *Tyrome Abrams* defendants.  (Cert., **Ex. C**).  It appears that Plaintiff raised the other, unrelated, case simply as an effort to "poison the waters" here.  (*See also* Dkt. 23).

Plaintiff also alleged that Defendants "have a *history* of unlawful conduct, as evidenced by a 2017 judgment entered against them in [*Nicoll Davis & Spinella, LLP v. Christopher Marchese, et al.*, Civil Action No. BER-DC-020810-1 (Bergen Cty., Law Div. 2017)], for failure to pay their attorneys upwards of $10,000 in legal fees incurred in assisting Defendants with matters related to a commercial lease." (Dkt. 1 at ¶10, & Dkt. 1, Ex. A) (emphasis added).  It is hard to discern any purpose, for such allegation, other than to intimidate, harass, and embarrass Defendants.

### b)  <u>*Notwithstanding Receipt of a Rule 11 Letter, Plaintiff Continued to Flex its Muscles*</u>

On March 8, 2021, Defendants sent a notice and demand letter detailing for Plaintiff the reasons why its Complaint violated Fed. R. Civ. P. 11 and demanding

---

[2] *Wakefern Food Corp., et al. v. Tyrome Abrams, et al.*, No. 2:20-cv-12083 (D.N.J. 2020).

that it be immediately withdrawn.[3]   (Cert., **Ex. B**).   Yet, Plaintiff insisted on aggressively moving forward with this litigation.   (Cert., **Ex. C**).   According to Plaintiff's response, Plaintiff even hired a private investigator who took photographs of packages for Family Markets placed on Mr. Marchese's porch – another apparent attempt to intimidate.  (Cert., **Ex. C** at 4).

When Plaintiff did not withdraw its Complaint, Defendants filed a motion to dismiss the Complaint, pursuant to *Fed. R. Civ. P.* 12(b)(6).  (Dkt. 14 & 16).  While the Motion was pending and prior to the return date, Plaintiff filed a Motion for Expedited Discovery, seeking to take the deposition of Mr. Marchese based upon allegedly "newly discovered" information.  (Dkt. 20-2 at 2).  Of course there was no emergency or active need for expedited discovery.  But Plaintiff did accomplish making this litigation more expensive for Defendants by having to respond to Plaintiff's aggressive litigation tactics.

---

[3] "[Rule 11] imposes an affirmative duty on the parties to conduct a reasonable inquiry into the applicable law and facts prior to filing." *Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994) (*citing Business Guides, Inc. v. Chromatic Comm. Enters., Inc.*, 498 U.S. 533, 551 (1991)). "An inquiry is considered reasonable under the circumstances if it provides the party with 'an objective knowledge or belief at the time of the filing of a challenged paper that the claim was well-grounded in law and fact.'" *Id.* (*quoting Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir. 1991), *cert. denied*, 502 U.S. 939 (1991) (internal quotation omitted)). *See Lieb v. Topstone Industries, Inc.*, 788 F.2d 151, 157 (3d Cir. 1986) ("Rule 11 therefore is intended to discourage pleadings that are 'frivolous, legally unreasonable, or without factual foundation, even though the paper was not filed in subjective bad faith.'") (internal citations omitted).  Even though the standard for an award of attorneys' fees, pursuant to Section 35(a) of the Lanham Act, is lower than that imposed under Rule 11, Defendants respectfully submit that if the Court were to consider Defendants' Motion for Attorneys' Fees and Costs under the Rule 11 standard, Defendants would also prevail.

### c)   *Plaintiff's Suggestion of "Unlawful Conduct" Has Tarnished Defendants' Reputation*

Notwithstanding the Court's ruling in Defendants' favor, Defendants have been harmed by Plaintiff's baseless allegations and strong-arm tactics. By using the aggressive tactics as described above – albeit unsuccessfully – Plaintiff has all but destroyed Defendants' ability to own or operate a supermarket. The fact that Plaintiff is a multi-billion-dollar supermarket magnifies the destructive nature of Plaintiff's frivolous lawsuit. *See Securacomm*, 224 F.3d at 281-82 (finding case "exceptional" because of plaintiff's "sweeping attempt to beat a financially weaker opponent through the use of vexatious litigation," including plaintiff's deliberate attempt to "prevail by crushing" the defendants through "bad faith negotiations" and "oppressive litigation tactics"). Any reputation of Defendants, particularly that of Mr. Marchese, in the public domain has been tarnished by Plaintiff's frivolous claims. Indeed, a basic google search of Defendants' name yields results that negatively portray Defendants based upon the allegations contained within Plaintiff's Complaint.[4]

Plaintiff's filing and aggressive prosecution of this lawsuit, while knowing all along that Defendants had not engaged in sufficient conduct to constitute a violation of the Lanham Act makes this case "exceptional" under 15 U.S.C. §1117(a). *J & J*

---

[4] *See* https://www.law.com/radar/card/wakefern-food-corp-v-marchese-a-k-a-christopher-marchesa-a-k-a-christopher-marchesi-et-al-37077240-0/

*Snack Foods, Corp.*, 2003 U.S. Dist. LEXIS 8040, at *5-6 (finding case "exceptional" because non-prevailing party continued the case despite knowing it was meritless).  An award of attorneys' fees and costs under Section 35(a) of the Lanham Act is warranted.

### C.  Defendants are Entitled to an Award of Attorneys' Fees Under the New Jersey Common Law

As the Third Circuit has previously articulated, "[t]he New Jersey Supreme Court has held that in at least some instances of trademark violation counsel fees may be awarded." *Salton Inc. v. Cornwall Corp.*, 477 F. Supp. 975, 992 (D.N.J. 1979) (holding that a "deterrent purpose" would be served by granting attorneys' fees to the prevailing party under the common law unfair competition despite denial of attorneys' fees under the Lanham Act) (*citing Red Devil Tools v. Tip Top Brush Co.*, 50 N.J. 563, 575 (N.J. 1967)).

The Supreme Court of New Jersey first recognized an award of attorneys' fees in *Red Devil Tools v. Tip Top Brush Co.*, 50 N.J. 563 (N.J. 1967).  In considering the equities of that particular case, the Court in *Red Devil Tools* awarded an injunction, plus reasonable attorneys' fees.  *See Id.* at 568 ("[E]quity will not hesitate to restrain shenanigans of this sort.").  *See also Sabinsa Corp. v. Creative Compounds, LLC*, No. 04-4239 (DMC), 2011 U.S. Dist. LEXIS 82001, at *32 (D.N.J. July 25, 2011) ("Prevailing parties may be awarded reasonable attorneys'

fees under New Jersey law even where they are denied under statute by the Lanham Act.") (citation omitted).

As discussed more fully above, Plaintiff's filing and aggressive prosecution of this lawsuit, while knowing all along that Defendants had not engaged in sufficient conduct to constitute a violation of the New Jersey common law unfair competition is exactly the sort of "shenanigans" that warrant an award of attorneys' fees and costs.

### III.   CONCLUSION

For all of the foregoing reasons, Defendants' Motion for Attorneys' Fees and Costs should be granted.

EPSTEIN OSTROVE, LLC

By:   /s/ Elliot D. Ostrove
         ELLIOT D.  OSTROVE
         A Member of the Firm

Dated:  September 9, 2021