UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAKEFERN FOOD CORP.,<br><br>   Plaintiff,<br><br> v.<br><br>CHRISTOPHER MARCHESE a/k/a CHRISTOPHER MARCHESA a/k/a CHRISTOPHER MARCHESI, and FAMILY MARKETS LIMITED LIABILITY COMPANY.<br><br><br>   Defendants. | Hon. WILLIAM J. MARTINI, U.S.D.J.<br><br>Civ. No. 2:20-cv-15949 (WJM)(MF)<br><br>Return Date:  November 1, 2021<br><br>Oral Argument Requested<br><br>Document Electronically Filed |

---

**DEFENDANTS', CHRISTOPHER MARCHESE AND FAMILY MARKETS, LLC, REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR FEES AND COSTS**

---

**EPSTEIN OSTROVE, LLC**
Elliot D. Ostrove, Esq.
Vahbiz P. Karanjia, Esq.
200 Metroplex Drive, Suite 304
Edison, NJ 08817
(732) 828-8600 (phone)
(732) 828- 8601 (fax)
*Attorneys for Defendants*

## **TABLE OF CONTENTS**

I.     PRELIMINARY STATEMENT ............................................................1

II.    STATEMENT OF FACTS ..................................................................2

III.   LEGAL ARGUMENT .........................................................................2

      A.     Defendants Are Entitled to An Award of Attorneys' Fees
          and Costs Because They Are the Prevailing Parties ..................2

      B.     Defendants Are Entitled To An Award of Attorneys' Fees
          and Costs Because This Is An "Exceptional Case" ...................8

      C.     The Attorneys' Fees Incurred by Defendants are
          Reasonable .................................................................................10

IV.    CONCLUSION ....................................................................................11

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*B.E. Tech., L.L.C. v. Facebook, Inc.*,
   940 F.3d 675 (Fed. Cir. 2019) .................................................................4

*Beach Blitz Co. v. City of Miami Beach*,
   No. 19-11380, 2021 U.S. App. LEXIS 28553 (11th Cir. 2021) ...........................4

*Beam v. Downey*,
   151 F. App'x 142 (3d Cir. 2005)..............................................................4

*CRST Van Expedited, Inc. v. E.E.O.C.*,
   136 S. Ct. 1642 (2016) ........................................................... 3, 4, 5, 8

*Fair Wind Sailing, Inc. v. Dempster*,
   764 F.3d 303 (3d Cir. 2014)...............................................................4, 8

*Federated Dep't Stores, Inc. v. Moitie*,
   452 U.S. 394 (1981) .............................................................................5

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983)) ...........................................................................2

*I.O.B. Realty, Inc. v. Patsy's Brand, Inc.*,
   No. 19-CV-2776 (AT)(KNF), 2020 U.S. Dist. LEXIS 167634 (S.D.N.Y.
   Sep. 13, 2020)....................................................................................3

*J & J Snack Foods, Corp. v. Earthgrains Co.*,
   No. 00-6230(JBS), 2003 U.S. Dist. LEXIS 8040 (D. N.J. 2003) ........................8

*N.A.A.C.P. v. Hunt*,
   891 F.2d 1555 (11th Cir. 1990)...............................................................4

*Octane Fitness v. ICON Health & Fitness, Inc.*,
   572 U.S. 545 (2014) .............................................................................8

*Securacomm Consulting, Inc. v. Securacom, Inc.*,
   224 F.3d 273 (3d Cir. 2000) ................................................................................9

*Watkins v. ITM Records*,
   No. 14-cv-01049 RAL, 2015 U.S. Dist. LEXIS 127404 (E.D. Pa. Sep. 23,
   2015) ................................................................................2

**Rules**

Fed R. Evid. 502 ................................................................................10

Fed. R. Civ. P. 12(b)(6) ................................................................................5

## I.     **PRELIMINARY STATEMENT**

Defendants, Christopher Marchese and Family Markets, LLC ("Defendants"), submit this reply memorandum of law in further support of their Motion for Fees and Costs.

This is a case where a multi-billion-dollar company exploited an opportunity to throw its money, and its weight, behind a lawsuit against Defendants who do not even own, let alone operate, a competing business.  Notwithstanding Plaintiff's attempts to try and justify their litigation tactics, Plaintiff's pursuit of its claims was nothing short of vexatious.  Indeed, Plaintiff's own telling of the story is one in which it pursued baseless allegations to try to force Defendants into a Court Ordered Injunction with financial penalties for no reason other than because it wanted it.

From the beginning Plaintiff has overreached forcing Defendant to incur unnecessary attorneys' fees and costs.  First, Plaintiff *chose* to file a Complaint before even reaching out or even sending a cease-and-desist letter.  Then, Plaintiff, by its own admission, demanded that Defendants execute a Confession of Judgment. Further, while Defendants' Motion to Dismiss was pending, Plaintiff chose to file a standalone Motion.  Once again, Defendants incurred fees in opposing that baseless Motion for Expedited Discovery.  Plaintiff, thereafter, continued to send letters to the Court in an attempt to introduce new "facts" outside of its Complaint.  And once again, Defendants were forced to incur additional fees as a result of Plaintiff's

correspondence to the Court while the Motion to Dismiss was pending.  Plaintiff did not act reasonably at any step of the litigation process.  As evidenced by Plaintiffs unrelenting actions, Plaintiff exploited its financial superiority to pursue this litigation no matter the costs to Defendants, and, indeed, with the clear strategy of increasing the costs to Defendant at any cost.  Plaintiff's vexatious behavior should not be countenanced.  It is respectfully submitted that an award to Defendants of attorneys' fees and costs, pursuant to Section 35(a) of the Lanham Act and New Jersey common is what is appropriate under these circumstances.

## II.    STATEMENT OF FACTS

The Facts, as set forth in Defendants' moving papers in support of their Motion for Attorneys' Fees, are incorporated herein by reference.  Defendants further rely on their supplemental Certification of Services, dated October 25, 2021, submitted herewith.

## III.    LEGAL ARGUMENT

### A.    Defendants Are Entitled to An Award of Attorneys' Fees and Costs Because They Are the Prevailing Parties

"A prevailing party is considered one who is able to 'succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'"  *Watkins v. ITM Records*, No. 14-cv-01049 RAL, 2015 U.S. Dist. LEXIS 127404, at *2 (E.D. Pa. Sep. 23, 2015) (*citing Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  Plaintiff's assertion that attorneys' fees are only available to a

2

prevailing party on the merits is belied by Plaintiff's own citation to *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642 (2016).[1]   Contrary to Plaintiff's assertion, a defendant may be considered a "prevailing party" when the court dismisses a plaintiff's "frivolous, unreasonable, or groundless litigation." *Id.* at 1651-52.   Indeed, "a defendant need not obtain a favorable judgment on the merits in order to be a 'prevailing party.'" *Id.* at 1651; *See also I.O.B. Realty, Inc. v. Patsy's Brand, Inc.*, No. 19-CV-2776 (AT)(KNF), 2020 U.S. Dist. LEXIS 167634, at *26-27 (S.D.N.Y. Sep. 13, 2020) ("It is no longer required that a 'prevailing party' must have obtained at least some relief on the merits.   That argument is foreclosed by recent Supreme Court precedent.")

As the Supreme Court articulated in *CRST Van Expedited*:

> *Common sense undermines the notion that a defendant cannot "prevail" unless the relevant disposition is on the merits.*   Plaintiffs and defendants come to court with different objectives. A plaintiff seeks a material alteration in the legal relationship between the parties. A defendant seeks to prevent this alteration to the extent it is in the plaintiff's favor … *The defendant has, however, fulfilled its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision.* . . . There is no indication that Congress intended that defendants should be eligible to recover attorney's fees only when courts dispose of claims on the merits.

---

[1] While to Court in *CRST Van Expedited*, interpreted a statutory provision in an employment discrimination action under Title VII, the Court was explicit that "Congress has included the term "prevailing party" in various fee-shifting statutes, and it has been the Court's approach to interpret the term in a consistent manner."  136 S. Ct. at 1645.

*CRST Van Expedited*, 136 S. Ct. at 1651-52 (emphasis added).

Thus, as the Supreme Court in *CRST Van Expedited* emphasized, the fact that Defendants defeated Plaintiff's Complaint means that the case was resolved in Defendants' favor.  *See Beam v. Downey*, 151 F. App'x 142, 144 (3d Cir. 2005) (defining defendants as the prevailing parties when they "'succeeded on any significant issue in litigation which achieves some of the benefits the parties sought in bringing suit,'" and where "they succeeded in having each claim dismissed"); *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 315 (3d Cir. 2014); (affirming dismissal of Lanham Act claims for trade dress and unfair competition and state law claims under 12(b)(6), and remanding matter for a determination of whether the case was "exceptional."); *B.E. Tech., L.L.C. v. Facebook, Inc.*, 940 F.3d 675, 679 (Fed. Cir. 2019)  ("[A] defendant can be deemed a prevailing party even if the case is dismissed on procedural grounds rather than on the merits."); s*ee also Beach Blitz Co. v. City of Miami Beach*, No. 19-11380, 2021 U.S. App. LEXIS 28553, at *14 (11th Cir. 2021) (determining that a "defendant prevails whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision"); *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990) (holding that a "dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits'" even where the district court does not state whether the claims were dismissed with or without prejudice) (*quoting Federated Dep't Stores,*

*Inc. v. Moitie*, 452 U.S. 394, 399 n.3, (1981)); *see also* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2373 (4th ed. Apr. 2021 update) (stating that "dismissals under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted ordinarily are deemed to be a merit adjudication.").

Here, Defendants are entitled to an award of attorneys' fees because Defendants achieved their primary objective of successfully defeating Plaintiff's Complaint, in its entirety, under Fed. R. Civ. P. 12(b)(6). *See CRST Van Expedited*, 136 S. Ct. at 1651-52. Accepting the position set forth by Defendants in their Motion to Dismiss, the Court's Opinion was clear that Plaintiff had not, and could not, plead the requisite elements for violations of the Lanham Act. *See generally* [ECF 24].

- "Defendants argue, among other things, that they have never actually used the mark in commerce and, therefore, have never performed any infringing activity with respect to the Shoprite® mark. The Court agrees with Defendants." *See* Op. at p. 4.

- "The Court must consider . . . 'the more elementary question of whether [Defendants] made any use of the mark' at all. . . It is with respect to the latter inquiry that Plaintiff's claim fails." *Id.*

- "Plaintiff has not established that Defendants have used its mark in commerce." *Id.* at p. 5.

5

- "There are no allegations that Defendant has *ever* offered, distributed, possessed, sold, or advertised any goods or serves *of any kind* bearing or imitating Plaintiff's marks, or even had the capacity to do so." *Id.* (emphasis added).

- "[P]laintiff has not cited any case, and the Court is aware of none, in which a single, private business conversation, without any corresponding dissemination or marketing to the broader purchasing public, has been found to constitute a 'use in commerce' for purposes of trademark infringement." *Id.*

- "Here, it is clear that Marchese's allegedly false statements were not sufficiently disseminated so as to fall within the scope of activity prohibited by the Lanham Act." *Id.* at 6.

- "There is no indication that Marchese's statements ever intended to reach, or ever did reach, *any* segment of the purchasing public or were made as 'part of an organized campaign to penetrate the relevant market.'" *Id.* at 6-7 (internal citations omitted) (emphasis added).

- "In other words, Marchese's allegedly false statements regarding his relationship with Wakefern were made in the context of a private conversation with a targeted individual acting in his capacity as a broker rather than shared more broadly to a class of potential supermarket

consumers.   Such isolated, private statements, particularly to non-consumers, do not constitute the sort of dissemination to the relevant purchasing public necessary to state a false advertising claim under Section 43(a) of the Lanham Act."  *Id.* at p. 7.

- "[E]ven assuming Plaintiff intended to allege that Marchese has continued to claim a relationship with Wakefern to various real estate brokers in order to obtain a commercial lease to operate a supermarket, *Plaintiff's claim would fail*: such statements would still be discrete communications targeted to specific non-consumers rather than promotions or advertisements disseminated to a segment of the purchasing public." *Id.* at p. 7 fn. 4.  (emphasis added).

Indeed, Plaintiff's argument that it could amend its Complaint, and as such, Defendants should not be considered the prevailing party, is nothing more than a red herring.  60 days have passed since the Court entered its Order dismissing Plaintiff's Complaint, and Plaintiff has not filed an Amended Complaint.  Indeed, Plaintiff has not because it cannot.  None of the underlying facts presented in its Complaint have changed and the Court has, in no uncertain terms, opined that those facts are insufficient to maintain Plaintiff's causes of action.

For all the reasons set forth above, Defendants' Motion for Fees and Costs should be granted.

**B.**     <u>**Defendants Are Entitled to An Award of Attorneys' Fees and Costs Because This Is An "Exceptional Case"**</u>

The aggressive manner in which Plaintiff has litigated this matter makes this an "exceptional case." *Fair Wind Sailing, Inc.*, 764 F.3d at 315 ("an exceptional case is simply one that stands out from others with respect to the substantive strength of a party's litigating position [considering both the governing law and the facts of the case] or the unreasonable manner in which the case was litigated."). *In Octane Fitness v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 n.6 (2014), the Supreme Court held that the factors to be considered in determining whether a case is "exceptional" include "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence. Similar factors are required, as discussed above in **Point Heading III(A)**, to find a defendant the "prevailing party" in a fee-shifting statute. *See CRST Van Expedited*, 136 S. Ct. at 1651-52. ("[A] defendant could recover fees expended in frivolous, unreasonable, or groundless litigation when the case is resolved in the defendant's favor, whether on the merits or not.").

This case is "exceptional" because Plaintiff knew that its Complaint lacked foundation and rested solely on two specious paragraphs, neither of which supported any cause of action against Defendants. [ECF 24]; *See J & J Snack Foods, Corp. v. Earthgrains Co.*, No. 00-6230(JBS), 2003 U.S. Dist. LEXIS 8040, at *5-6 (D. N.J.

2003) (finding case "exceptional" because non-prevailing party continued the case despite knowing it was meritless).  As this Court noted in its opinion, Plaintiff made "no allegations that Defendant has ever offered, distributed, possessed, sold, or advertised any goods or services of any kind bearing or imitating Plaintiff's marks, or even had the capacity to do so."  Op. at p. 5.  Indeed, the facts show that Plaintiff knew that Defendants, other than lawfully registering Family Markets, did not operate a business and/or own a supermarket nor sold any types of goods in commerce.  Further, the Complaint made no allegations that Defendants "intended to reach, or ever did reach, any segment of the purchasing public or were made as 'part of an organized campaign to penetrate the relevant market.'"  Op. at p. 6-7.  The Complaint merely alleged that Defendant sought a real estate broker "because Marchese wanted to take advantage of the broker's own services in securing a lease."  Op. at p. 7.

The conclusion is inescapable.  This case is exceptional and warrants an award of attorneys' fees to Defendants.  *See Securacomm Consulting, Inc. v. Securacom, Inc.*, 224 F.3d 273, 281-82 (3d Cir. 2000) (finding case "exceptional" because of plaintiff's "sweeping attempt to beat a financially weaker opponent through the use of vexatious litigation," including plaintiff's deliberate attempt to "prevail by crushing" the defendants through "bad faith negotiations" and "oppressive litigation tactics").

9

### C.   The Attorneys' Fees Incurred by Defendants are Reasonable

The attorneys' fees and costs as set forth in the Certification of Services, originally submitted, and the Supplemental Certification of Services, dated October 25, 2021, are reasonable.

The assertion that Defendants improperly redacted the underlying invoices is readily negated.  It is respectfully submitted that the redactions made to the invoices are appropriate as the information redacted is protected from disclosure by the attorney-client privilege or work product doctrine.  *See generally* Fed R. Evid. 502. To the extent the Court would like to review the information that has been redacted, unredacted versions of the invoices will be submitted for *in camera* review upon request.

As set forth in detail above, Plaintiff went above and beyond in its pursuit of Defendants.  There can be little doubt that Defendants' attorneys' fees are reasonable in consideration of Plaintiffs' aggressive tactics.  Defendants tried to negotiate a reasonable resolution of this matter before they were compelled to file a Motion to Dismiss because of Plaintiff's unreasonable demands.  Thereafter, Defendants had to further protect themselves against Plaintiff's baseless Motion for Expedited Discovery, and multiple letters to the Court purportedly introducing "new facts." Given Plaintiff's aggressive and vexatious pursuit of their meritless claims, it is respectfully submitted that Defendants had no choice but to incur the fees to protect

themselves from Plaintiff's claims.  Defendants' attorneys' fees are reasonable under the circumstances.

## IV.   **CONCLUSION**

For the foregoing reasons, and for the reasons set forth in Defendants' moving brief, Defendants request the Court declare them the "prevailing parties," find this to be an exceptional case, and enter an order requiring Plaintiff to pay Defendants' attorneys' fees and costs, and if necessary, amend its August 26, 2021 Order dismissing Plaintiff's Complaint with prejudice.

**EPSTEIN OSTROVE, LLC**
By:   */s/ Elliot D. Ostrove*
ELLIOT D. OSTROVE
A Member of the Firm

Dated:  October 25, 2021

11